_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
December 07, 2012
_____

**Marquis Aurbach Coffing**
DALE A. HAYES, ESQ.
Nevada Bar No. 3430
LIANE K. WAKAYAMA, ESQ.
Nevada Bar No. 11313
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile (702) 856-8900
dhayes@maclaw.com
lwakayama@maclaw.com
   Attorneys for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WILLIAM A. GAYLER,<br><br>              Debtor.<br><br>BARRY R. MOORE; JANIE MOORE; EROOM HOLDINGS, LP; and BARRY R. MOORE AND JANIE MOORE, CO-TRUSTEES OF THE BAMM LIVING TRUST DATED JULY 16, 2003,<br><br>              Plaintiffs,<br>v.<br><br>WILLIAM GAYLER,<br><br>              Defendant. | Case No: BK-S-09-31603-MKN<br>Chapter 7<br><br>Adversary Proceeding No: 11-01088-MKN<br><br>Hearing Date: November 28, 2012<br>Hearing Time: 9:30 a.m.<br>Courtroom 2<br><br>**ORDER APPROVING MOTION TO APPROVE SETTLEMENT AGREEMENT [DKT. #45]** |

M&A:6277-015 1845794_1 11/29/2012 11:14 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**ORDER APPROVING MOTION TO APPROVE**
**SETTLEMENT AGREEMENT [DKT. #45]**

Barry R. Moore, Janie Moore, EROOM Holdings, LP, and Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust dated July 16, 2003 (collectively "Plaintiffs") Motion to Approve Settlement Agreement (the "Motion") (Dkt. #45), having come on for hearing on the 28th day of November, 2012, Dale A. Hayes, Esq. of the law firm of Marquis Aurbach Coffing, appearing on behalf of the Plaintiffs, and Matthew Kneeland, Esq. of the law firm of Sylvester and Polednak, Ltd. appearing on behalf of the Defendant/Debtor William A. Gayler and there being no Opposition on file to the Motion and the Court having examined the records and documents on file in the above-entitled matter and having considered the factors outlined in In re A&C Properties, 784 F.2d 1377, 1380 (9th Cir. 1986), and good cause appearing,

IT IS HEREBY ORDERED THAT

1.   The Motion to Approve Settlement Agreement is GRANTED;

2.   The Settlement Agreement (Exhibit 1) and Confession of Judgment (Exhibit A to Ex.1) are hereby approved in their entirety;

3.   This Court retains jurisdiction (i) to issue any order necessary or appropriate for the interpretation, implementation or enforcement of the Settlement Agreement, and (ii) over any and all disputes between or among the parties thereto, whether in law or equity, arising out of or

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

M&A:6277-015 1845794_1 11/29/2012 11:14 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  relating to the Settlement Agreement.

2  APPROVED/DISAPPROVED:

3  Dated this __ day of _____, 2012.

4  Approved as to Form and Content:

5  SYLVESTER & POLEDNAK, LTD.

6  By _____
7     Jeffrey R. Sylvester, Esq.
   Matthew Kneeland, Esq.
8     Sylvester & Polednak, Ltd.
   1731 Village Center Cir.
9     Las Vegas, NV  89134
   Attorneys for Defendant/Debtor William A. Gayler
10

11  Prepared and Submitted by:

12  MARQUIS AURBACH COFFING

13  By:__**/s/ Dale A. Hayes**_____
   Dale A. Hayes, Esq.
14     Nevada Bar No. 3430
   Liane K. Wakayama, Esq.
15     Nevada Bar No. 11313
   10001 Park Run Drive
16     Las Vegas, NV  89145
   Attorneys for Plaintiffs
17

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:6277-015 1845794_1 11/29/2012 11:14 AM

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting document certifies as follows (mark one):

☐ The Court has waived the requirement of approval under LR 9021.

☐ No parties appeared or filed written objections, and there is no trustee appointed in the case.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

Submitted by;
Dated this **6** day of **December**, 2012.

MARQUIS AURBACH COFFING

By: **/s/ Dale A. Hayes**
    Dale A. Hayes, Esq.
    Nevada Bar No. 3430
    Liane K. Wakayama, Esq.
    Nevada Bar No. 11313
    10001 Park Run Drive
    Las Vegas, NV 89145
    Attorneys for Plaintiffs

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:6277-015 1845794_1 11/29/2012 11:14 AM

# Exhibit 1

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made as of September ___, 2012 by and between Barry Moore, Janie Moore, Eroom Holdings LP ("Eroom") and Barry R. Moore and Janie Moore, Co-Trustees of the BAMM Living Trust dated July 16, 2003 (collectively referred to as the "Plaintiffs") and William A. Gayler ("Gayler"). The Plaintiffs and Gayler are together referred to herein as the "Parties" or each individually as a "Party."

## RECITALS

A. **The Lawsuit**. On or about March 15, 2011, the Plaintiffs commenced an Adversary Proceeding in U.S. Bankruptcy Court, District of Nevada against Gayler identified as Case No. BK-S-09-31603-MKN, Adversary Proceeding No. 11-01088-MKN (the "Lawsuit").

    i. The Lawsuit against Gayler centered primarily around allegations that Gayler, as a trusted fiduciary and managing member of Ch. Angelus, LLC ("Angelus I"), Ch. Angelus II, LLC ("Angelus II"), One Hundred Year, LLC ("One Hundred Year"), Maya I-215, LLC ("Maya") and Screaming Eagle, LLC ("Screaming Eagle") defrauded the Plaintiffs out of approximately $1,469,668.29 for his personal benefit and use.

    ii. The purpose of the Lawsuit was to obtain a non-dischargeable judgment against Gayler under: (a) 11 U.S.C. 523(a)(2)(A) for actual fraud; and (b) 11 U.S.C. 523(a)(4) for defalcation while acting in a fiduciary capacity.

B. **The Settlement and Release**. The Parties desire to forever resolve any and all rights, interests, claims and differences pursuant to the terms of this Agreement and intend this Agreement to be a full and final settlement of all matters between the Parties that have been brought or could have been brought in the Lawsuit. This Agreement shall not in any way affect the claims pending in other legal proceedings against Gayler.

**NOW, THEREFORE**, in consideration of the mutual covenants, agreements and conditions herein stated, together with other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

## ARTICLE I
## PAYMENT TERMS

1.01. **The Payment Plan**. The Parties agree that Gayler shall pay the sum of $150,000 to the Plaintiffs as follows:

    (a) $50,000 shall be paid to the Plaintiffs within 90 days from entry of the U.S. Bankruptcy Court's Order approving this Agreement and after the appeal time of 14 days has expired; and

    (b) $100,000 shall be paid to the Plaintiffs within one (1) year from entry of the U.S. Bankruptcy Court's Order approving this Agreement and after the appeal time of 14 days has

1

MAC:06277-015 1789229_3 10/4/2012 11:27 AM

expired.

    1.02. **Delivery of Installment Payments**. All Installment Payments shall be made within the timeframe as specified in Section 1.01 or the next business day if the payment due date falls on a federally observed holiday or weekend and delivered to the offices of Marquis Aurbach Coffing located at 10001 Park Run Drive, Las Vegas, Nevada 89145 between 8:00 a.m. to 5:00 p.m. PST. All Installment Payments must be submitted in cashier's check form payable to the Marquis Aurbach Coffing's Client Trust Account for the benefit of the Plaintiffs.

    1.03. **Irrevocable Payment Obligations**. Gayler fully recognizes and acknowledges that his obligation to make the Installment Payments as provided in Section 1.01 shall remain in full force and effect even if Gayler is no longer domiciled or residing in the United States of America.

## ARTICLE II
## DEFAULT

    2.01. **Default**. Failure by Gayler to make any of the Installment Payments timely and in full as specified in Article I of this Agreement shall constitute a material default and breach of this Agreement.

    2.02. **Notice of Default**. The Parties agree that a notice of default shall be provided to Gayler requesting that the default be cured within ten (10) calendar days. The ten (10) day cure period shall commence on the date the notice is either personally served or mailed as indicated on the Certificate of Mailing.

    (a). Gayler irrevocably designates Jeffrey R. Sylvester, Esq. as his proper agent to receive all notices required under this Agreement.

    (b). Any and all notices to Gayler shall be in writing and shall be validly given or made if served personally, delivered by a nationally recognized overnight courier service or if deposited in the United States Mail, certified, return receipt requested, postage prepaid, addressed to and delivered to Jeffrey R. Sylvester, Esq. at the law firm of Sylvester & Polednak, Ltd. located at 1731 Village Center Circle, Las Vegas, Nevada 89134.

    2.03. **Failure to Cure**. If Gayler fails to timely cure the default within ten (10) calendar days of notice, then the full and complete balance of the $750,000 principal owed to the Plaintiffs shall immediately become accelerated due and payable by Gayler to the Plaintiffs.

    2.04 **Entry of Confession of Judgment**. Upon default and the failure by Gayler to make any of the Installment Payments after the expiration of the ten (10) day notice as provided in Section 2.02, the Plaintiffs shall have every right and remedy available in law and in equity against Gayler including, but not limited to, immediate entry of the Confession of Judgment attached hereto as **Exhibit A**. The Confession of Judgment shall be filed in the U.S. Bankruptcy Court, District of Nevada in and for Clark County, Nevada. The Confession of Judgment shall be treated as a Judgment. Gayler agrees to the contents of the Confession of Judgment in its entirety.

(a). After the Confession of Judgment is filed with the Clerk of the U.S. Bankruptcy Court, District of Nevada in and for Clark County, Nevada, the Parties agree that the Plaintiffs may immediately commence any and all execution proceedings for the collection of the entire $750,000, less any Installment Payments received, including collection costs and attorney fees incurred. Gayler agrees that each payment made after a default shall first be applied to collection costs and attorney fees, then to the accrued interest, and then to the remaining unpaid principal amount of the Judgment.

(b). The Parties agree that the Confession of Judgment may be recorded and filed as a Judgment and Judgment Lien against any real or personal property owned by Gayler individually as of the filing date of the Confession of Judgment with the Court and continuing until complete satisfaction of the amount of this Confession of Judgment is paid in full to the Plaintiffs.

(c). The Parties agree to submit to the personal jurisdiction of Nevada, in either state, federal, or bankruptcy court, in the event of any legal action or proceeding arising out of or relating to the Confession of Judgment including, without limitation, the enforcement of any default, breach, or non-compliance with this Confession of Judgment and this Agreement.

(d). Gayler agrees that the Confession of Judgment entered under 11 U.S.C. 523(a)(2)(A) and in the amount of $750,000 in favor of the Plaintiffs shall be declared non-dischargeable in this or in any future bankruptcy proceeding and that such debt is exempted from discharge under the U.S. Bankruptcy Code.

## ARTICLE III
## MUTUAL RELEASE

3.01. **Release**. Upon mutual execution and delivery of this Agreement and after full satisfaction of all Installment Payments as set forth in Article I, the Parties release each other as follows:

(a). The Plaintiffs and their respective representatives, predecessors, owners, and through any interest held in any of the entities mentioned in this Agreement, do hereby forever release and discharge Gayler from any and all claims, demands, actions, causes of action, obligations, costs, expenses, attorney fees damages, losses and liabilities of whatsoever nature, character or kind, whether known or unknown, suspected or unsuspected, matured or contingent, which arise solely out of the Lawsuit. This Release does not apply to any other lawsuits, claims, defenses, or causes of action that the Plaintiffs have or may have against Gayler or any of his entities, trusts, representatives, affiliates, and agents.

(b). Gayler does hereby forever release and discharge the Plaintiffs and their respective representatives, predecessors, owners, agents, employees, attorneys, and any of the entities mentioned in this Agreement from any and all claims, demands, actions, causes of action, obligations, costs, expenses, attorney fees damages, losses and liabilities of whatsoever nature, character or kind, whether known or unknown, suspected or unsuspected, matured or contingent, which arise out of the Lawsuit.

3.02. **Court Approval**. Upon mutual execution and delivery of this Agreement, the Plaintiffs shall seek approval from the U.S. Bankruptcy Court, District of Nevada of the terms of the settlement reached as contained in this Agreement.

3.03. **Representations and Warranties**. The Parties to this Agreement represent and warrant that they are the sole and exclusive owners of their respective claims, demands, causes of action, obligations and/or liabilities and that no other party has any right, title or interest whatsoever in said causes of action and the other matters referred to herein and that there has been and will be no assignment, conveyance or other disposition by them of any said causes of action or other matters referred to herein. Without in any way limiting the generality of the foregoing, the Parties represent and warrant that each of them did not and will not in the future assign, convey or transfer any of their interests, rights or claims in relation to the Lawsuit. No amendment or modification of this Release shall be valid or binding on the Parties unless made in writing and signed on behalf of each of the Parties by their respective duly authorized representatives.

(a). A Party may waive any right under this Release only by written waiver duly signed by such Party, and no failure to exercise or delay in exercising a right under this Release shall constitute a waiver of such right. This Release and the Parties' obligations hereunder shall be binding on and inure to the benefit of the Parties

(b). Upon full compliance of the terms of this Agreement, each party expressly denies and expressly disputes any liability or that they engaged in any wrongful conduct whatsoever which can be construed or lead to the award of civil damages concerning the matters asserted in the Lawsuit.

(c). The Parties represent and warrant that: (i) the terms of the settlement as set forth in this Agreement have been negotiated in good faith and are equitable; (ii) they are legally competent to execute this Agreement and to accept full responsibility therefore; and (iii) this Agreement has been carefully read in its entirety by the Parties.

(d). No inference, assumption or presumption shall be drawn from the fact that a Party or its attorney prepared and/or drafted this Agreement. In executing this Agreement, the Parties acknowledge that each has consulted with and has had the advice and counsel of attorneys and that each has executed this Agreement after independent investigation and without fraud, duress or undue influence.

3.04. **Indemnification**. In the event that any Party shall fail to comply with any term, condition, obligation, covenant, warranty, or the like contained in this Agreement such Party shall indemnify, defend, save and hold the other Party harmless from any and all damage and/or liability arising from such failure to comply with the terms and conditions of this Agreement.

## ARTICLE IV
## MISCELLANEOUS

4.01. **Attorney Fees and Costs**. In the event any Party institutes an action or other proceeding to enforce any rights arising under this Agreement, the party prevailing in such action or

other proceeding shall be paid all reasonable costs and attorney fees by the other party, such fees to be set by the court and not by a jury and to be included in any judgment entered in such proceeding.

4.02. **Integration**. This Agreement, including the Recitals set forth above (which the Parties covenant are true, accurate and correct statements), represents the full and complete agreement between the Parties with respect to the subject matter set forth herein and is the complete expression thereof. All other agreements, negotiations, and representations between the Parties pertaining to the subject matter of this Agreement, and to the extent not expressly set forth herein, are void and of no force or effect whatsoever. This Agreement may not be amended or modified except in writing and signed by each of the Parties.

4.03. **Governing Law**. This Agreement shall be governed by and construed exclusively in accordance with the laws of the State of Nevada. Any lawsuit to enforce this Agreement or to prosecute any claim for breach of this Agreement shall be brought exclusively in the U.S. Bankruptcy District Court of Nevada located in Clark County, Nevada, and the Parties consent to jurisdiction and venue in such Court.

4.04. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of such counterparts shall constitute one agreement. To facilitate the execution of this Agreement, the Parties may execute and exchange this Agreement by facsimile, each of which shall be deemed a duplicate original.

4.05. **Severability**. The invalidity or illegality of any provision, term, or agreement contained in or made a part of this Agreement shall not affect the validity of the remainder of this Agreement.

4.06. **Time of Essence**. Time is of the essence of this Agreement and each of its provisions.

4.07. **Successors and Assigns**. This Agreement shall be binding upon and shall inure to the benefit of the Parties, their respective Agents, heirs, personal representatives, transferees, successors and assigns, as the case may be.

4.08. **Expenses**. Each Party shall pay such Party's own costs and expenses incurred in connection with the negotiation and execution of, or otherwise arising out of the Lawsuit, this Agreement and the transactions contemplated hereby.

4.09. **Effectiveness of Agreement**. The submission of this Agreement for examination does not constitute an agreement or an agreement to agree and shall vest no right in either Party hereto and is submitted as part of an offer of compromise and is inadmissible as evidence in the

Lawsuit. This Agreement shall become effective only upon execution and delivery thereof by all Parties.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date set forth above.

Dated: October 22, 2012

By: _____
Barry R. Moore

Dated: October 22, 2012

_____
Janie Moore

Dated: October 22, 2012

ERMOM Holdings, LP

_____
Barry R. Moore

Dated: October 22, 2012

BAMM Living Trust dated July 16, 2003.

_____
Barry R. Moore, Co-Trustee

_____
Janie Moore, Co-Trustee

Dated: October 18, 2012

_____
William Gayler

# Exhibit A

**Marquis Aurbach Coffing**
DALE A. HAYES, ESQ.
Nevada Bar No. 3430
LIANE K. WAKAYAMA, ESQ.
Nevada Bar No. 11313
10001 Park Run Drive
Las Vegas, Nevada 89145
dhayes@maclaw.com
lwakayama@maclaw.com
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
Attorney(s) for Plaintiffs

E-Filed: _____

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>WILLIAM GAYLER,<br><br>Debtor. | Case No: BK-S-09-31603-MKN<br>Chapter: 7<br><br>Adversary Proceeding No. 11-01088-MKN |
| BARRY MOORE; JANIE MOORE; EROOM HOLDINGS, LP; and BARRY R. MOORE AND JANIE MOORE, CO-TRUSTEES OF THE BAMM LIVING TRUST DATED JULY 16, 2003.<br>Plaintiffs,<br>v.<br>WILLIAM GAYLER<br>Defendant. | |

## CONFESSION OF JUDGMENT

Defendant, WILLIAM GAYLER (the "Defendant"), confesses to a judgment under 11 U.S.C. 523(a)(2)(A) in favor of the Plaintiffs Barry R. Moore, Janie Moore, Eroom Holdings, LP and Barry R. Moore and Janie Moore, Co-Trustees of the BAMM Living Trust dated July 16, 2003 (collectively as "Plaintiffs") in the principal amount of $750,000. Pursuant to provisions of NRS 17.090 through NRS 17.110, and any other applicable statutes, Defendant, having been first duly sworn upon oath, confesses and hereby acknowledges, admits and stipulates to the following:

M&A:06277-015 1789046_1 10/4/2012 11:27 AM

1.  An Involuntary Chapter 7 Petition for Relief was filed against the Defendant on November 16, 2009.

2.  On March 29, 2010, the Bankruptcy Court entered an Order mandating that relief under Chapter 7 of the Bankruptcy Code was granted against Gayler.

3.  On or about March 15, 2011, Plaintiffs commenced an adversary proceeding to obtain a non-dischargeable judgment against Defendant pursuant to 11 U.S.C. 523(a)(2)(A) for actual fraud and 11 U.S.C. 523(a)(4) for defalcation while acting in a fiduciary capacity.

4.  As a result of a settlement conference held on September 11, 2012, the parties entered into a Settlement Agreement.

5.  Pursuant to the terms of the Settlement Agreement, Defendant is obligated to pay the Plaintiffs $50,000 within 90 days from entry of the Order approving the settlement agreement and after the appeal time of 14 days has run. Within one year from entry of the Order approving the settlement agreement and after the appeal time of 14 days has run, Defendant is obligated to pay the Plaintiffs an additional $100,000. The $150,000 in payments shall be referred to as the "Installment Payments."

6.  Upon the Defendant's default of either Installment Payment, the Plaintiffs may submit this Confession of Judgment for the full principal balance of $750,000 due and owing to the Plaintiffs, less any payments received, together with interest of ten percent (10%) per year beginning ten (10) calendar days after the notice of entry of this Confession of Judgment.

7.  Defendant has failed to timely make the Installment Payments as agreed upon by the parties.

8.  A non-dischargeable Judgment shall be entered in favor of the Plaintiffs and against Defendant under 11 U.S.C. 523(a)(2)(A) based on the allegations contained in the Adversary Complaint (Dkt. #1) and pleadings on file in this Adversary Proceeding.

9.  To support this Judgment, the Defendant agrees that it is established by a preponderance of the evidence that the Plaintiffs have satisfied each and every element required under 11 U.S.C. §523(a)(2)(A) and the Judgment is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

M&A:06277-015 1789046_1 10/4/2012 11:27 AM

10. Defendant agrees that the Plaintiffs may enter this Judgment against him with the Clerk of the U.S. Bankruptcy Court, District of Nevada in and for Clark County, Nevada which amount shall be paid with ten percent (10%) interest, with such interest beginning ten (10) calendar days after the notice of entry of this Judgment, until the total remaining amount owed is paid in full.

11. Defendant confesses that the $750,000 due and owing to the Plaintiffs is a valid debt under the laws of the State of Nevada.

12. Defendant is on notice that his obligations as to the satisfaction of this Judgment remain in effect even if Defendant is no longer domiciled or residing in the United States of America.

13. This Confession of Judgment is made with the agreement of Defendant that it may be recorded and filed as a Judgment and Judgment Lien against any real or personal property owned by Defendant as of the filing date of the Confession of Judgment with the Clerk of Court and continuing until complete satisfaction of the amount of this Confession of Judgment is paid in full to the Plaintiffs.

14. Defendant acknowledges that this debt shall be legally enforceable and full against Defendant and may be entered as a Foreign Judgment in any state.

15. Defendant agrees that the U.S. Bankruptcy Court, District of Nevada in and for Clark County, Nevada shall retain jurisdiction over this Judgment.

16. Defendant agrees to submit to the personal jurisdiction of Nevada, federal or bankruptcy court, in the event of any legal action or proceeding arising out of or relating to this Confession of Judgment including, without limitation, the enforcement of any default, breach, or non-compliance with this Confession of Judgment and the Settlement Agreement as approved by the Court.

17. Defendant confesses that the $750,000 debt is to be declared non-dischargeable in this or in any future bankruptcy proceeding and that such debt is exempted from discharge under the U.S. Bankruptcy Code.

M&A:06277-015 1789046_1 10/4/2012 11:27 AM

18. The parties agree that this Confession of Judgment embodies their mutual intent and that its terms and provisions are not to be construed more liberally in favor of, or more strictly against, any party. This Confession of Judgment shall not be construed as if it had been prepared by one of the parties, but rather as if it had been prepared by all of the parties.

19. The undersigned declares, under penalty of perjury, that he has read this Confession of Judgment and had the opportunity to consult with an independent attorney, Jeffrey R. Sylvester of the law firm Sylvester & Polednak, regarding the terms and conditions of this Confession of Judgment, and has executed the same as a voluntary act in accordance with NRS 17.090 et. seq.

STATE OF NEVADA        )
                       )ss:
COUNTY OF CLARK        )

I, William Gayler, being first duly sworn, state that I have read the Confession of Judgment that all of the representations recorded in the Confession of Judgment are true and correct to the best of my knowledge and belief; and further that I am authorized to execute this Confession of Judgment on my own behalf in the understanding that I will be held solely liable under the provisions herein.

DATED this ___ day of _____, 2012.

By: _____
    WILLIAM GAYLER

SUBSCRIBED and SWORN to before me on this 16th day of October, 2012.

_____
NOTARY PUBLIC

Christina Ablahani
Notary Public, State of Nevada
My Comm. Expires December 8, 2012
Certificate No.: 02-73904-1

In accordance with NRS 17.110 and the interpretation of its predecessor in *The Humbolt Mill & Mining Co. v. Terry* this Confession of Judgment is submitted for the endorsement of the clerk of the court. 11 Nev. 237 (1867).

ENTERED this ____ day of _____, 2012.

_____
THE CLERK OF THE COURT