RECEIVED & FILED

AUG 19  E-Filed 13

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

**Marquis Aurbach Coffing**
DALE A. HAYES, ESQ.
Nevada Bar No. 3430
LIANE K. WAKAYAMA, ESQ.
Nevada Bar No. 11313
10001 Park Run Drive
Las Vegas, Nevada 89145
dhayes@maclaw.com
lwakayama@maclaw.com
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
Attorney(s) for Plaintiffs

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>WILLIAM GAYLER,<br><br>    Debtor.<br><br>BARRY MOORE; JANIE MOORE; EROOM HOLDINGS, LP; and BARRY R. MOORE AND JANIE MOORE, CO-TRUSTEES OF THE BAMM LIVING TRUST DATED JULY 16, 2003.<br>    Plaintiffs,<br>v.<br>WILLIAM GAYLER<br>    Defendant. | Case No:   BK-S-09-31603-MKN<br>Chapter:    7<br><br>Adversary Proceeding No. 11-01088-MKN |

## CONFESSION OF JUDGMENT

Defendant, WILLIAM GAYLER (the "Defendant"), confesses to a judgment under 11 U.S.C. 523(a)(2)(A) in favor of the Plaintiffs Barry R. Moore, Janie Moore, Eroom Holdings, LP and Barry R. Moore and Janie Moore, Co-Trustees of the BAMM Living Trust dated July 16, 2003 (collectively as "Plaintiffs") in the principal amount of $750,000. Pursuant to provisions of NRS 17.090 through NRS 17.110, and any other applicable statutes, Defendant, having been first duly sworn upon oath, confesses and hereby acknowledges, admits and stipulates to the following:

M&A:06277-015 1789046_1 10/4/2012 11:27 AM



1. An Involuntary Chapter 7 Petition for Relief was filed against the Defendant on November 16, 2009.

2. On March 29, 2010, the Bankruptcy Court entered an Order mandating that relief under Chapter 7 of the Bankruptcy Code was granted against Gayler.

3. On or about March 15, 2011, Plaintiffs commenced an adversary proceeding to obtain a non-dischargeable judgment against Defendant pursuant to 11 U.S.C. 523(a)(2)(A) for actual fraud and 11 U.S.C. 523(a)(4) for defalcation while acting in a fiduciary capacity.

4. As a result of a settlement conference held on September 11, 2012, the parties entered into a Settlement Agreement.

5. Pursuant to the terms of the Settlement Agreement, Defendant is obligated to pay the Plaintiffs $50,000 within 90 days from entry of the Order approving the settlement agreement and after the appeal time of 14 days has run. Within one year from entry of the Order approving the settlement agreement and after the appeal time of 14 days has run, Defendant is obligated to pay the Plaintiffs an additional $100,000. The $150,000 in payments shall be referred to as the "Installment Payments."

6. Upon the Defendant's default of either Installment Payment, the Plaintiffs may submit this Confession of Judgment for the full principal balance of $750,000 due and owing to the Plaintiffs, less any payments received, together with interest of ten percent (10%) per year beginning ten (10) calendar days after the notice of entry of this Confession of Judgment.

7. Defendant has failed to timely make the Installment Payments as agreed upon by the parties.

8. A non-dischargeable Judgment shall be entered in favor of the Plaintiffs and against Defendant under 11 U.S.C. 523(a)(2)(A) based on the allegations contained in the Adversary Complaint (Dkt. #1) and pleadings on file in this Adversary Proceeding.

9. To support this Judgment, the Defendant agrees that it is established by a preponderance of the evidence that the Plaintiffs have satisfied each and every element required under 11 U.S.C. §523(a)(2)(A) and the Judgment is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

M&A:06277-015 1789046_1 10/4/2012 11:27 AM

10. Defendant agrees that the Plaintiffs may enter this Judgment against him with the Clerk of the U.S. Bankruptcy Court, District of Nevada in and for Clark County, Nevada which amount shall be paid with ten percent (10%) interest, with such interest beginning ten (10) calendar days after the notice of entry of this Judgment, until the total remaining amount owed is paid in full.

11. Defendant confesses that the $750,000 due and owing to the Plaintiffs is a valid debt under the laws of the State of Nevada.

12. Defendant is on notice that his obligations as to the satisfaction of this Judgment remain in effect even if Defendant is no longer domiciled or residing in the United States of America.

13. This Confession of Judgment is made with the agreement of Defendant that it may be recorded and filed as a Judgment and Judgment Lien against any real or personal property owned by Defendant as of the filing date of the Confession of Judgment with the Clerk of Court and continuing until complete satisfaction of the amount of this Confession of Judgment is paid in full to the Plaintiffs.

14. Defendant acknowledges that this debt shall be legally enforceable and full against Defendant and may be entered as a Foreign Judgment in any state.

15. Defendant agrees that the U.S. Bankruptcy Court, District of Nevada in and for Clark County, Nevada shall retain jurisdiction over this Judgment.

16. Defendant agrees to submit to the personal jurisdiction of Nevada, federal or bankruptcy court, in the event of any legal action or proceeding arising out of or relating to this Confession of Judgment including, without limitation, the enforcement of any default, breach, or non-compliance with this Confession of Judgment and the Settlement Agreement as approved by the Court.

17. Defendant confesses that the $750,000 debt is to be declared non-dischargeable in this or in any future bankruptcy proceeding and that such debt is exempted from discharge under the U.S. Bankruptcy Code.

M&A:06277-015 1789046_1 10/4/2012 11:27 AM

18. The parties agree that this Confession of Judgment embodies their mutual intent and that its terms and provisions are not to be construed more liberally in favor of, or more strictly against, any party. This Confession of Judgment shall not be construed as if it had been prepared by one of the parties, but rather as if it had been prepared by all of the parties.

19. The undersigned declares, under penalty of perjury, that he has read this Confession of Judgment and had the opportunity to consult with an independent attorney, Jeffrey R. Sylvester of the law firm Sylvester & Polednak, regarding the terms and conditions of this Confession of Judgment, and has executed the same as a voluntary act in accordance with NRS 17.090 et. seq.

STATE OF NEVADA           )
                          )ss:
COUNTY OF CLARK           )

I, William Gayler, being first duly sworn, state that I have read the Confession of Judgment that all of the representations recorded in the Confession of Judgment are true and correct to the best of my knowledge and belief; and further that I am authorized to execute this Confession of Judgment on my own behalf in the understanding that I will be held solely liable under the provisions herein.

DATED this ___ day of _____, 2012.

By: _____
    WILLIAM GAYLER

SUBSCRIBED and SWORN to before me on this 10th day of October, 2012.

_____
NOTARY PUBLIC



Christina Ablahani
Notary Public, State of Nevada
My Comm. Expires December 8, 2012
Certificate No.: 02-73904-1

M&A:06277-015 1789046_1 10/4/2012 11:27 AM

In accordance with NRS 17.110 and the interpretation of its predecessor in *The Humbolt Mill & Mining Co. v. Terry* this Confession of Judgment is submitted for the endorsement of the clerk of the court. 11 Nev. 237 (1867).

ENTERED this 19 day of Aug, 2013.

_____
THE CLERK OF THE COURT

M&A:06277-015 1789046_1 10/4/2012 11:27 AM